UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | CRIMINAL ACTION NO. |
| VS.   ) | |
| ) | 3:06-CR-109-G |
| MELVIN EUGENE RIECKE, II,   ) | |
| ) | **ECF** |
| Defendant.   ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Melvin Eugene Riecke, II ("Riecke" or "the defendant"), to dismiss Count Three of the indictment charging him with violating 18 U.S.C. § 1001. For the reasons stated below, the motion is denied.

### I. BACKGROUND

The Grand Jury indicted Riecke on four counts ultimately stemming from his role as an owner and operator of a demolition activity involving asbestos-containing material. Counts One and Two of the indictment charge Riecke with violating specific work practice standards as promulgated under the Clean Air Act. At issue in

this motion is Count Three of the indictment, charging Riecke with making false statements within the jurisdiction of the government of the United States in violation of 18 U.S.C. § 1001.

On July 17, 2006, this court issued a second amended pretrial order requiring all pretrial motions to be filed by July 28, 2006. Second Amended Pretrial Order ("Order") ¶ 1. On August 11, 2006, Riecke filed the current motion along with a motion to strike defective indictment allegation. The defendant argues that the notification provision of the Clean Air Act, 42 U.S.C. § 7413(c)(2), preempts 18 U.S.C. § 1001 and thus the conduct alleged in Count Three of the indictment is punishable only under 42 U.S.C. § 7413(c)(2).

## II. ANALYSIS

The current motion to dismiss Count Three of the indictment is rejected on both procedural and substantive grounds. The untimeliness of this motion alone, as a violation of the second amended pretrial order, gives this court sufficient grounds to deny the motion. However, independent of this procedural deficiency, Riecke's motion fails on its merits.

### A. The Untimely Nature of the Motion to Dismiss Warrants Rejection

Pursuant to Federal Rule of Criminal Procedure 12, district courts may issue an order requiring the parties to file pretrial motions by a specific date.[1] The intent of

---

[1] "(c) Motion Deadline. The court may, at the arraignment or as soon
(continued...)

Rule 12(c) is one of judicial efficiency designed to encourage the filing of motions prior to the date of trial. *See* FED. R. CRIM. P. 12 advisory committee's note. Rule 12 goes on to provide that failure to comply with the deadline set forth by the court pursuant to Rule 12(c) constitutes a waiver of any Rule 12(b)(3) defense, objection, or request. *See* FED. R. CRIM. P. 12(e). See also *Brooks v. United States*, 416 F.2d 1044, 1047-48 (5th Cir. 1969) (it was not an abuse of the trial judge's discretion to decline to deem untimely the defendant's motion to quash the indictment where the court ordered all motions to be filed within fifteen days of the arraignment and defendant's motion was filed after the court-imposed deadline). The court may grant relief from the waiver provision of Rule 12(e) if good cause is shown. FED. R. CRIM. P. 12(e). See also *United States v. Smith*, 918 F.2d 1501, 1509 (11th Cir. 1990)(the court can alter its deadline for pretrial motions if good cause is shown), *cert denied*, 502 U.S. 849 (1991).

By itself, the untimeliness of this motion is sufficient basis for its denial. In the present case, the court exercised its authority under Rule 12(c) by setting July 28, 2006 as the filing deadline for pretrial motions. Order ¶ 1. By failing to comply with this deadline, Riecke waived his present objection to Count Three of the indictment.

---

[1](...continued)
afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing." FED. R. CRIM. P. 12(c).

Moreover, Riecke has not petitioned the court for additional time to file pretrial motions and has made no effort to show good cause for granting such an extension.

### B. 42 U.S.C. § 7413(c)(2) Does Not Foreclose Prosecutorial Discretion To Charge a Violation of 18 U.S.C. § 1001

At issue are two criminal statutes regulating false statements to government agencies. Under 18 U.S.C. § 1001,[2] it is a crime to knowingly and willfully make false statements in any matter within the jurisdiction of the United States government. Violations of § 1001 carry a maximum sentence of five years. *See id.* Under the Clean Air Act, 42 U.S.C. § 7413(c)(2)[3] makes it unlawful for a person to

---

[2] "Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States, knowingly and willfully--

>   (1)  falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
>   (2)  makes any materially false, fictitious, or fraudulent statement or representation; or
>
>   (3)  makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be fined under this title or, imprisoned not more than 5 years, . . . or both." 18 U.S.C. § 1001.

[3] "Any person who knowingly--

>   (A)  makes any false material statement, representation, or certification in, or omits material information from, or knowingly alters, conceals, or fails to file or maintain any

(continued...)

knowingly make false statements in matters arising under the Clean Air Act. The maximum term of imprisonment for violations of § 7413(c)(2) is two years. *See id.* Riecke argues the existence of 42 U.S.C. § 7413(c)(2) forecloses the ability to charge him with a violation of 18 U.S.C. § 1001 and, therefore, 42 U.S.C. § 7413(c)(2) is the exclusive statute on which he can be charged regarding the alleged false statements made pursuant to a matter governed by the Clean Air Act. In support of this argument, Riecke points to the rule of lenity. This court is unpersuaded by both the underlying argument and tools of construction proffered in support thereof.

First, the rule of lenity on its face provides no support for this argument. The rule of lenity is designed to serve as a guide in questions of statutory interpretation. See *Callanan v. United States*, 364 U.S. 587, 596 (1961). The rule's limited use is to serve as "an aid for resolving ambiguities; it is not to beget one." *Id.* This court

---

³(...continued)
        notice, application, record, report, plan, or other document required pursuant to this chapter to be either filed or maintained (whether with respect to the requirements imposed by the Administrator or by a State);

        (B)  fails to notify or report as required under this chapter; or

        (C)  falsifies, tampers with, renders inaccurate, or fails to install any monitoring device or method required to be maintained or followed under this chapter

shall, upon conviction, be punished by a fine pursuant to Title 18, or by imprisonment for not more than 2 years, or both." 42 U.S.C. 7413(c)(2).

concurs with the Tenth Circuit's finding in *United States v. Shaw*, 150 Fed. App'x 863 (10th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S. Ct. 2039 (2006), and finds that there is no ambiguity in the statutes at issue here.  *See id.* at 874 n.25.  Thus, the rule of lenity is inapplicable.

Second, in the absence of Congressional intent to the contrary, when the alleged actions of a criminal defendant amount to a violation of more than one statute, the discretion rests with the prosecutor in determining under which statute to charge the defendant.  See *United States v. Batchelder*, 442 U.S. 114, 123-24 (1979).  In *Shaw*, the Tenth Circuit confronted the exact issue raised in the current motion -- whether the existence of 42 U.S.C. § 7413(c)(2) was sufficient to limit the discretion afforded to prosecutors under *Batchelder* and thus preclude a charge under 18 U.S.C. § 1001.  See *Shaw*, 150 Fed. App'x at 872.  The Tenth Circuit answered in the negative, finding that neither the language of the statute nor the legislative history thereof indicated any Congressional intent "to foreclose prosecutions under § 1001 where § 7413(c)(2)(A) may also apply."  *Id.* at 874.  This court similarly finds the language of the statute devoid of any Congressional intent to deprive the government of its prosecutorial discretion when the alleged acts of the defendant constitute a violation of both 18 U.S.C. § 1001 and 42 U.S.C. § 7413(c)(2).  Riecke has failed to proffer any further evidence of Congressional intent, through legislative history or

otherwise, that would give this court reason to read into the language of 42 U.S.C. § 7413(c)(2) the prohibition the defendant seeks.

### III. CONCLUSION

The defendant's motion to dismiss Count Three of the indictment is hereby **DENIED** on the two independent grounds: (1) the untimeliness of the motion and (2) the prosecutorial discretion to determine the statute under which to try the defendant when the alleged conduct, if proven, would constitute a violation of more than one statute.

**SO ORDERED**.

August 17, 2006.

_____
A. JOE FISH
CHIEF JUDGE